IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PAVEL KISLYAK, | ) | 4:12CV3043 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER ON INITIAL REVIEW** |
| | ) | |
| NEBRASKA, and ALL OTHER STATE, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, Pavel Kislyak, ("Kislyak') filed a document, construed as a complaint, on March 5, 2012, (Filing No. 1.) and was given leave to proceed in forma pauperis on March 12, 2012. (Filing No. 6.) An initial review of the complaint has been conducted to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

Kislyak's complaint against the State of Nebraska and "ALL OTHER STATE[S]" (filing no. 1.) alleges he is disabled from a "bad surgery" and needs financial assistance. (*Id*.) Kislyak asks the court to order a "donation service organization" to provide him with a "donation." (*Id*.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

Kislyak's complaint is very difficult to decipher and even under the most liberal construction, Kislyak does not allege that any defendant deprived him of a right secured by the Constitution or laws of the United States. See *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); see also *Riches v. Li Ka-Shing*, No. C 07-5865 MJJ (PR), 2007 WL 4533127 (N.D. Cal., Dec. 17, 2007) (dismissing plaintiff's request for a court order compelling private entities and individuals "to donate to American prisoners" as frivolous). Accordingly, Kislyak's Complaint fails to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1.  Kislyak's complaint (filing no. 1) is dismissed without prejudice.

2.  A separate judgment will be entered in accordance with this Memorandum and Order on Initial Review.

Dated April 10, 2012.

> BY THE COURT
>
> s/ Warren K. Urbom
> United States Senior District Judge